IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE CANIPE )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>WASHBURN UNIVERSITY and )<br>ALAN BEARMAN, individually )<br>and in his capacity as Dean of Libraries, )<br>Washburn University, )<br>)<br>    Defendants. )<br>_____) | Case No. 5:13 -CV- 04052-JAR-DJW |

## ANSWER

For their joint Answer to the Amended Complaint, the Defendants:

1.   Admit the jurisdiction of the Court as alleged in paragraph 1.

2.   Make no answer to paragraph 2 alleging the subject matter and Plaintiff's claims but deny liability to Plaintiff on any of the claims alleged.

3.   Admit Plaintiff's gender and citizenship as alleged in paragraph 3; that Plaintiff was an employee of Washburn University of Topeka (herein "Washburn University") from January 12, 2010, until her resignation effective May 13, 2011; and deny that Plaintiff was an employee of the Defendant Washburn University "at all times relevant" to this suit.

4.   Admit that Defendant Washburn University is a municipal university organized pursuant to the laws of Kansas; allege that the correct name of said Defendant for purposes of suing or being sued is "The Board of Regents of Washburn University of Topeka" pursuant to

-2-

K.S.A. 13-13a03 and deny all other allegations of paragraph 4.

5. Admit that Defendant Bearman was Dean of Libraries or acting in such capacity during the time of Plaintiff's employment at Washburn University and deny all other allegations of paragraph 5.

6. Admit the allegations of paragraphs 6 through 12.

7. Admit that Defendant Bearman was hired by Washburn University and deny all other allegations of paragraph 13; allege such allegations are irrelevant to the Plaintiff's stated claims and further allege that the Defendants are unaware of the existence of an "Association of Academic Libraries."

8. Admit that Judy Druse was Assistant Dean of Libraries at Washburn University during the time of Plaintiff's employment at the University; deny all other allegations of paragraph 14; and allege that Defendant Bearman proposed the creation of the Assistant Dean Position and Ms. Druse then became Interim Assistant Dean and Assistant Dean of Libraries after Bearman's appointment.

9. Deny the allegations of paragraphs 15 through 20 and allege such allegations are irrelevant to Plaintiff's claims.

10. Admit that Plaintiff was interviewed by representatives of Washburn University on or about December 9, 2009 and deny all other allegations of paragraph 21.

11. Deny the allegations of paragraph 23 through 26.

12. Allege that they are without sufficient information to admit or deny the truth of the allegations of paragraph 27 although Mr. Bird has no recollection of any such conversation; and Mr. Rocci denied confirming any such conversation to Plaintiff or anyone else.

13. Deny the allegation of paragraphs 28.

-3-

14. Allege that they are without sufficient information to admit or deny the truth of the allegations of paragraphs 29 and 30.

15. Admit the first sentence of paragraph 31 and allege that they are without sufficient information to admit or deny the truth of the remaining hearsay allegations of said paragraph.

16. Admit that Defendant Bearman gave Plaintiff a favorable informal review after less than 90 days employment in early March, 2010, and deny the other allegations of paragraph 32.

17. Allege they are without sufficient knowledge or information to form a belief as to the truth of the allegations as to what Plaintiff "felt" and deny the remainder of the first sentence of paragraph 33. Admit that Bearman once called Mr. Rocci "Sally" at an event which occurred before Plaintiff was hired and has never done so since.

18. Allege they are without sufficient knowledge or information to form a belief as to the truth of the hearsay allegations of paragraph 34 and deny that Defendant Bearman made the sexist or negative comments about Dr. Bowen as alleged in said paragraph, and allege that Dr. Bowen was in fact the person who appointed Defendant Bearman to his first library position.

19. Deny the allegations of paragraphs 35 and 36.

20. Deny the allegations of paragraph 37 and allege they are without sufficient knowledge or information to form a belief as to Plaintiff's alleged concerns as alleged in paragraph 37.

38. Deny that Defendant Bearman made any comment about Plaintiff wearing a cocktail dress to work as alleged in paragraph 38.

39. Deny the allegations of paragraphs 39 and 40 but admit that Defendant Bearman

-3-

made the comment about tattoos in the contexts other than as alleged.

40. Deny the allegations of paragraphs 41, 42 and 43.

41. Allege they are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44, 45 and 46 except to deny that Defendant Bearman had any part of the shirt purchase and that Plaintiff approved the shirt to Mr. Rocci before it was monogrammed.

42. Admit paragraph 47 to the extent that Defendant Bearman did on some occasion tell Plaintiff and others working in the library that wearing jeans was not appropriate professional dress when they were required to be in the public sections of the library to assist students.

43. Admit that Defendant Bearman met with Plaintiff on several occasions but Defendants have no recollection of the events described in paragraph 48 and therefore deny the same.

44. Deny the allegations of paragraph 49 and allege that Assistant Dean Druse was assigned as Plaintiff's direct supervisor and therefor limited any reason for direct contact between Plaintiff and Defendant Bearman without Dean Druse's presence.

45. Deny the substantive allegations of paragraph 50 and allege that Defendant Bearman agreed to and did assist Plaintiff in obtaining a degree from the University of Tennessee which would equate with the Masters in Library Science degree required for Plaintiff's position at Washburn University.

46. Admit the allegations of paragraph 51 but deny that time limitations on meetings were imposed.

47. Admit that Plaintiff's meeting with Defendant Bearman may have exceeded thirty

minutes as alleged in paragraph 52 although no set schedule was established for such meeting. Admit that Defendant Bearman tried to assist Plaintiff in learning to work within the library and the University and deny the remaining allegations of paragraph 52.

48. Deny the allegations of paragraph 53.

49. Allege that they are without sufficient knowledge or information to form a belief as to the allegations of paragraph 54 concerning Plaintiff's mental process and deny the remaining allegations of said paragraph.

50. Allege they are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 except that Defendant Bearman denies the allegation that he discussed a meeting with Plaintiff with Mr. Rocci.

51. Admit that Plaintiff met several times with Carol Vogel, then Washburn University Equal Opportunity Director as alleged in paragraph 56 and first met with her at Dr. Bearman's suggestion; deny all other allegations of said paragraph; and allege that in each such meeting up until her resignation Plaintiff told Ms. Vogel that she had not been discriminated against and requested that Ms. Vogel not further investigate her discussions.

52. Allege that they are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraphs 57, 58 and 59.

53. Admits that Plaintiff met with Ms. Vogel around the date alleged in paragraph 60 and generally criticized Mr. Rocci's conduct and Dr. Bearman's management style but Plaintiff declined to allege any form of sexual discrimination and asked only that Ms. Vogel maintain a file. Defendants therefor deny all other allegations of paragraph 60 not expressly admitted.

54. Deny the allegations of paragraph 61.

55. Deny the allegations of paragraph 62 and allege that Ms. Vogel asked Plaintiff at

every meeting if her concerns about her employment were due to her gender, sexual harassment or if she believed she was discriminated against by reason of her gender and each time Plaintiff received "No."that if she made a complaint of sexual discrimination or harassment it would have to be investigated and Plaintiff refused to permit investigation.

56. Admit that Dr. Bearman was unable to observe Plaintiff's class at a date set and deny the remainder of paragraph 63.

57. Deny the allegations of paragraph 64 although Plaintiff complained at the time of her resignation that such a photograph was shown with the comment "because she is the best looking" and another female employee stated she "did not know whether she should be insulted or not."

58. Deny the conclusions of Plaintiff as alleged in paragraph 65 but admit that the parties named in the paragraph have lunch together on a near regular basis.

59. Admit the facts alleged in paragraph 66 and allege that position announcements from other schools are often circulated in the library, but deny any conclusions of Plaintiff from said facts.

60. Deny the allegations of paragraph 67.

61. Admit that Plaintiff made the request alleged in paragraph 68 which was denied by Ms. Druse and deny all other allegations of said paragraph.

62. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 69.

63. Deny the allegations of paragraph 70 although Defendant Bearman admits receiving complaints about Plaintiff's classroom teaching.

64. Admit that Defendant Bearman did criticize Plaintiff's attendance at work and

deny the remaining allegations of paragraph 71.

65. Deny the allegations of paragraph 72.

66. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 73.

67. Admit that Plaintiff was denied a partial day's leave by Dean Druse on or about the date alleged in paragraph 74 and allege they are without sufficient information or knowledge to admit or deny the other allegations of paragraph 75.

68. Allege that they are without sufficient information or knowledge to admit or deny the allegations of the first two sentences of paragraph 76 and deny the remaining allegations of said paragraph.

69. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraphs 77 through 81.

70. Admit that Mr. Rocci was given additional time off and a revised schedule when his wife was suffering from cancer; that Plaintiff was denied time off to visit with her family and deny the other allegations of a paragraph 82.

71. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 83.

72. Admit that Defendant Bearman and Assistant Dean Druse met with Plaintiff around February 28, 2011 as alleged in paragraph 84; allege that the evaluation of Plaintiff's work was that it was unsatisfactory, and deny the remaining allegations of paragraphs 84.

73. Admit the allegations of paragraph 85 through 87 are in substance accurate and deny that the allegations of Plaintiff's response as alleged are true.

74. Allege that they are without sufficient information or knowledge to admit or deny

-8-

the allegations of paragraph 88.

75. Admits that Plaintiff met with Ms. Vogel on March 3, 2011, following her performance evaluation by Dr. Bearman and Ms. Druse as alleged in paragraph 89 and deny the remaining allegations of said paragraph and the allegations of paragraph 90. Defendants further allege that following the meeting Plaintiff sent Ms. Vogel a hand written thank you note for "her discretion and advice."

76. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraphs 91through 93.

77. Admit that Plaintiff presented a draft of her performance plan to Dr. Bearman on or about the date alleged in paragraph 94; that Plaintiff and Dr. Bearman discussed the draft, and deny the remaining allegations of said paragraph. Further answering said paragraph, Defendant's allege that Dr. Bearman told Plaintiff that Ms. Druse would sign her performance improvement plan since she was Plaintiff's direct supervisor.

78. Defendants have no record of a meeting between Plaintiff and Ms. Vogel on or about March 15, 2011, although Ms. Vogel routinely made notes of all conferences, and therefor allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 95.

79. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 96.

80. Admit the allegations of the first two sentences of paragraph 97 and deny the allegations of the remainder of said paragraph.

81. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 98.

82. Deny paragraphs 99 and 100.

83. Deny paragraph 101 and allege that the policy only requires the supervisor to approve the performance improvement plan and that Ms. Druse not Defendant Bearman was Plaintiff's supervisor.

84. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 102.

85. Deny the first sentence of paragraph 103; allege that Defendant Bearman told Plaintiff he was continuing to review her materials; and allege that they are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraph or the allegations of paragraph 104.

86. Deny the allegations of paragraph 105.

87. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraphs 106 through 114.

88. Admit that Plaintiff resigned effective May 13, 2011, and wrote the self-serving letter from which the Amended Complaint quotes in paragraph 114, the allegations of which are denied.

89. Allege that they are without sufficient information or knowledge to admit or deny the allegations of paragraph 115.

90. Admit the allegations of paragraph 116.

91. Admit that employees of Defendant University are generally nice to employees that leave as alleged in paragraph 117.

92. Deny the allegations of paragraphs 118 and 119.

93. Allege that they are without sufficient information or knowledge to admit or

deny the allegations of paragraphs 120 and 121.

94. Admit Plaintiff filed a charge with the EEOC against Defendant Washburn University and mentioned the names of Dr. Bearman and Mr. Rocci as alleged in paragraph 122 and allege Plaintiff's charge was dismissed by the EEOC after investigation.

95. Allege that they are without sufficient information or knowledge to admit or deny the allegations of fact in paragraphs 123 and 124, and deny that Defendants are in any way liable for Plaintiff's alleged mental illness.

96. Admit that Assistant Dean Druse retired in 2012 and deny the remaining allegations of paragraph 125.

97. Deny the allegations of paragraph 126 through 132.

## Answer to Count I

98. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 133.

99. Admit paragraphs 134 and 136.

100. Deny paragraphs 137 through 139.

## Answer to Count II

101. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 140.

102. Admit paragraph 141.

103. Deny the allegations of paragraphs 142 through 146.

## Answer to Count III

104. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 147.

105.    Deny the allegations of 148 through 154.

## Answer to Count IV

106.    Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 155.

107.    Admit paragraph 156 to the extent that it alleges that Plaintiff is within a protected class under Title VII of the Civil Rights Act of 1964, as amended.

108.    Deny paragraphs 157 and 158.

## Answer to Count V

109.    Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 159.

110.    Deny paragraphs 160 through 162.

## Answer to Count VI

111.    Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 163.

112.    Deny paragraphs 164 through 169.

## Answer to Count VII

113.    Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 170.

114.    Deny paragraphs 171 through 176.

## Answer to Count VIII

115.    Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 177.

116.    Deny paragraphs 178 through 182.

### Answer to Count IX

117. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 183.

118. Deny paragraphs 184 through 188.

### Answer to Count X

119. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 189.

120. Deny paragraphs 190 through 194.

### Answer to Count XI

121. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 195.

122. Deny paragraphs 196 through 200.

### Answer to Count XII

123. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 201.

124. Deny the allegations of paragraphs 202 through 208. Further answering said paragraphs Defendants allege that they had cause to non-renew Plaintiff's contract if Plaintiff had she not voluntarily resigned prior thereto.

### Answer to Count XIII

125. Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 209.

126. Deny paragraphs 210 through 212.

### Answer to Count XIV

127.	Incorporate theirs answers to the referenced paragraphs of the Amended Complaint in answer to paragraph 213.

128.	Deny paragraphs 214 through 217.

## Affirmative Defenses

### First Affirmative Defense

Counts II; VI through X; and Counts XII through XIV fail to state a claim for which the Court may grant relief.

### Second Affirmative Defense

Plaintiff has failed to take reasonable action to mitigate her alleged damages.

WHEREFORE, having fully answered the Defendants request that the Court enter judgment denying Plaintiff all relief on her Amended Complaint; that Defendants have judgment for their attorneys fees pursuant to 28 U.S.C. §1988, judgment for their costs and all other appropriate relief.

   s/Arthur E. Palmer_____
Arthur E. Palmer - #05949
Richard J. Raimond - #22688
Goodell Stratton Edmonds & Palmer LLP
515 South Kansas Avenue
Topeka, Kansas 66603
785/233-0593
785/233-8870 (fax)
Apalmer@gseplaw.com
Attorneys for Defendants

-14-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None.

<u>S/ Arthur E. Palmer</u>
Arthur E. Palmer #05949